IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No.  21-144 |
| | ) | |
| DERRICK PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Introduction

Pending before the court is a "motion for sentencing transcripts, full discovery" filed pro se[1] by Derrick Phillips ("Phillips") (ECF No. 91).  The government filed a response in opposition to the motion (ECF No. 93) and it is ripe for decision.

Background

On March 18, 2022, Phillips pleaded guilty to counts 1, 2 and 3 of the Indictment at Crim. No. 21-144, which charged him with: (1) possession with intent to distribute a quantity of fentanyl and a quantity of a mixture of heroin and fentanyl, on February 14, 2020, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking crime on February 14, 2020, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) possession of a firearm and ammunition by a convicted felon on February 14, 2020, in violation of 18 U.S.C. § 922(g)(1).  There was no plea agreement.  On April 18, 2023, Philips was sentenced to a total term of imprisonment of 80 months.  Philips reports that he is currently serving his sentence at FCI Fort Dix, New Jersey.

---

[1] Phillips' counsel of record notified the court by email that no counseled supplement would be filed.

Positions of the parties

Phillips states that he "is in the process of filing a Petition to The United States District Court regarding Disparities in his agreement with Counsel regarding his Plea Agreement, and other issues that he would rather not place in this Motion." ECF No. 91 at 2. Phillips did not provide any other explanation about the discovery he seeks or how that discovery relates to the motions he intends to file. Phillips states that he is indigent, cannot afford to pay for the documents he is requesting, and will file an in forma pauperis ("IFP") petition if requested.

The government contends that Phillips failed to demonstrate good cause or provide an adequate explanation for his discovery requests. The government points out, correctly, that Phillips did not have a plea agreement and therefore, his contention about "Disparities in his agreement with Counsel regarding his Plea Agreement," (ECF No. 91 at 2), is irrelevant on its face. The government observes that the statement of reasons will be included in the sentencing transcript. The government acknowledges Phillips' ability to obtain discovery and sentencing transcripts under certain circumstances, but argues that it is unable to respond to Phillips' request without further information.

Discussion

It is unknown whether Phillips intends to file a motion pursuant to 28 U.S.C. § 2255 and the court makes no finding about whether such a motion would be timely filed. Rule 6 of the Rules Governing § 2255 Proceedings addresses discovery in that context:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Rules Governing § 2255, Rule 6. In short, before obtaining discovery under this rule, Phillips "must provide reasons for the request," and specify the documents he seeks. If he shows "good cause," the court may authorize discovery.

With respect to the sentencing transcript, the applicable statute provides, in relevant part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753. To obtain a transcript at the cost of the government, Phillips must provide a sufficient explanation to convince the court that: (1) his motion is not frivolous; and (2) the transcript is needed to decide the issue. In addition, as Phillips appears to recognize, he must properly establish his IFP status.

To the extent that Phillips intends to challenge the current conditions of his confinement pursuant to 28 U.S.C. § 2241, the court cautions him that this court is not the correct forum for that kind of challenge. Instead, after exhausting his administrative remedies, Phillips must file an action in the federal district court covering his institution of confinement (i.e., the District of New Jersey while Phillips remains at FCI Fort Dix). *See, e.g., United States v. Frazier*, No. CR 02-186, 2024 WL 1285931, at *3 (W.D. Pa. Mar. 26, 2024) (inmate "may be able to challenge

the BOP's computation of his sentence by pursuing his administrative remedies with the BOP and by filing a motion under 28 U.S.C. § 2241 in the district of his confinement").

The court is unable to evaluate Phillips' requests for the sentencing transcripts and "full discovery" based upon the information Phillips provided to the court in his motion. Accordingly, the motion will be denied without prejudice to Phillips' ability to file a new motion that adequately identifies the information he seeks and explains why that information is necessary and appropriate for the motion he intends to file.

Conclusion

For the reasons set forth above, the "motion for sentencing transcripts, full discovery" filed pro se by Derrick Phillips (ECF No. 91) will be DENIED WITHOUT PREJUDICE.

An appropriate order will be entered.


Dated: November 6, 2025

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge