IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No.  21-144 |
| ) | |
| DERRICK PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Introduction

Pending before the court is a motion for reconsideration filed pro se by Derrick Phillips ("Phillips") (ECF No. 97).  The motion will be resolved without a response from the government.

Phillips seeks reconsideration of the court's opinion and order dated November 6, 2025 (ECF Nos. 94, 95), which denied Phillips' pro se "motion for sentencing transcripts, full discovery" (ECF No. 91).  The court denied Phillips' motion "without prejudice to Phillips' ability to file a new motion that adequately identifies the information he seeks and explains why that information is necessary and appropriate for the motion he intends to file."  (ECF No. 94 at 4).

Phillips did not identify the information he seeks, nor did he explain what motion he intends to file or explain why the information he seeks is necessary and appropriate to support that motion.  Instead, in the pending motion for reconsideration, Phillips maintains:  "I am entitle[d] to those documents, and the Government wants me to explain my Defense to them, and that is not necessary."  (ECF No. 97 at 1).

1

It is the court, not the government, who is requiring Phillips to provide more information about the information he seeks.  Phillips is not entitled to discovery based on the factual and procedural record before the court at this time.  Phillips' only explanation about why he is seeking information is that he "is in the process of filing a Petition to The United States District Court regarding Disparities in his agreement with Counsel regarding his Plea Agreement, and other issues that he would rather not place in this Motion."  (ECF No. 91 at 2).

Phillips' explanation does not make sense. As the court explained in its previous opinion, Phillips did not have a plea agreement (he entered an "open plea") and therefore, his contention about "Disparities in his agreement with Counsel regarding his Plea Agreement," (ECF No. 91 at 2), is not relevant.

The court explained in its previous opinion that to obtain a transcript at the cost of the government, Phillips must provide a sufficient explanation to convince the court that: (1) his motion is not frivolous; and (2) the transcript is needed to decide the issue.  In addition, as Phillips appears to recognize, he must properly establish his IFP status.  Phillips did not do so.

The court also cautioned that to the extent that Phillips intends to challenge the current conditions of his confinement pursuant to 28 U.S.C. § 2241, he must file an action in the federal district court covering his institution of confinement (i.e., the District of New Jersey while Phillips remains at FCI Fort Dix).  Again, Phillips provided no additional explanation about what information he is seeking and why he needs it.

Conclusion

For the reasons set forth above, the motion for reconsideration (ECF No. 97) will be DENIED. If Phillips wants the court to order discovery, he must provide a better explanation about what he wants, and why he is entitled to receive it.

An appropriate order will be entered.

Dated: December 3, 2025

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge
